UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-120 RHK/RLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

TAMARA DOWNS,

Defendant,

and

NATIONAL CIRCULATION SERVICES,

Garnishee.

WRIT OF CONTINUING GARNISHMENT

SCANNED
JAN 17 2007
U.S. DISTRICT COURT MPLS

TO: National Circulation Services, 6666 W Peoria Ave., Suite 106, Glendale, AZ 85302

An application for a Writ of Continuing Garnishment against property of the above-named defendant, Tamara Downs, has been filed with this Court by the United States of America.

A judgment was entered in favor of the United States of America and against the defendant on April 7, 2000, for Student Loan defaults. As of December 1, 2006, the balance on this judgment debt was $3,340.95 in principal, plus interest, costs and pursuant to 28 U.S.C. § 3011, a surcharge of 10% of the total debt due. Interest on the principal balance is accruing from December 1, 2006, at the rate of 6.197% per annum.

You, National Circulation Services, the garnishee, are required by law to immediately withhold and retain any property in your custody, control or possession in which the judgment debtor, Tamara Downs, has a substantial non-exempt interest. It is unlawful for you to pay or deliver to the defendant any item

attached by this Writ. You are to take this action pending further order of the above-referenced court.

Under the law, there is property which is exempt from this Writ of Continuing Garnishment. A listing of such property is enclosed (see Claim for Exemption Form).

You, the garnishee, are required by law to answer this Writ of Continuing Garnishment, in writing, under oath, within ten (10) days of your receipt of this Writ. In the Answer of the Garnishee, you must indicate whether you have in your custody, control, or possession, property in which this judgment debtor has a substantial non-exempt interest, providing a description of such property and an indication of the judgment debtor's interest in it.

You, the garnishee, are required by law to mail or deliver in person, within 10 days, the original, signed and notarized Answer of the Garnishee to the Clerk of the United States District Court, 202 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. Additionally, you are required by law to mail or deliver in person a copy of the completed Answer of the Garnishee to the debtor, at XXXXXX, Glendale, AZ 85303; and to counsel for the United States, at the United States Attorney's Office, Financial Litigation Unit, 600 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

If you fail to answer this Writ of Continuing Garnishment, or if you fail to withhold property in accordance with this Writ, the United States of America may petition the Court for an order requiring you to appear before said Court and show good cause why

you failed to comply with this Writ. Failure to appear before the Court or failure to show good cause for your noncompliance with this Writ may result in the Court entering a judgment against you. That judgment would be in the amount of the judgment debtor's nonexempt interest in the property in your custody, control or possession that is subject to this garnishment, up to the outstanding debt balance, plus attorney fees.

Authorized By:

Date: December 11, 2006

Raymond L. Erickson
Chief Magistrate Judge
United States District Court
District of Minnesota

Issued By:
Richard Sletten, Clerk
United States District Court
District of Minnesota

Date: December 11, 2006

Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-120 RHK/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAMARA DOWNS,<br><br>Defendant,<br><br>and<br><br>NATIONAL CIRCULATION SERVICES,<br><br>Garnishee. | APPLICATION FOR WRIT OF CONTINUING GARNISHMENT |

The United States of America, plaintiff, makes application in accordance with 28 U.S.C. § 3205(b)(1), to the Clerk of the United States District Court, to issue a Writ of Continuing Garnishment upon the judgment entered against the above-named defendant, Tamara Downs, Social Security Number, XXX-XX-9662, with the last known address of XXXX, Glendale, AZ 85303.

The judgment was entered on April 7, 2000, for Student Loan defaults. The judgment was entered in the amount of $3,638.24, plus interest and costs.

As of December 1, 2006, after applying payments, if any, the balance on this judgment debt was $3,340.95 in principal, plus interest and costs and pursuant to 28 U.S.C. § 3011, a surcharge of 10% of the total debt due. Interest on the principal balance is accruing from December 1, 2006, at a rate of 6.197% per annum.

More than 30 days has elapsed since demand for payment was last made on the above-named judgment debtor; and the debtor has failed to satisfy the debt as set forth in the demand.

The garnishee is believed to owe or will owe money or property to this judgment debtor or is in possession of property in which this judgment debtor has a substantial non-exempt interest.

The name and address of the garnishee or his authorized agent is: National Circulation Services, 6666 W Peoria Ave., Ste 106, Glendale, AZ 85302

Dated: December 7, 2006

RACHEL K. PAULOSE
United States Attorney

M. Trippler

BY: MARY TRIPPLER
Assistant United States Attorney
Attorney ID No. 110887
600 Federal Courthouse
300 Fourth Street
Minneapolis, MN 55415
(612) 664-5600

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-120 RHK/RLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TAMARA DOWNS,<br>Defendant,<br>and<br>NATIONAL CIRCULATION SERVICES,<br>Garnishee. | ANSWER OF THE GARNISHEE<br>(EARNINGS) |

National Circulation Services, being duly sworn, deposes and says:

**I. TO BE COMPLETED BY ALL GARNISHEES:**

A: Identification of the Garnishee

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of

________________________________________________.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of ________________________,
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is a corporation:**

That he/she is the ______________ of Garnishee, __________
(Title) (Full name/

________________________, a corporation, organized under the
address of corporation)

laws of the State of ________________.

B: Calculation of Amounts Subject to Garnishment

On ________________, 20__, Garnishee was served with the Writ of Continuing Garnishment. If, at any time during the pay period in effect when the Writ was served, the above-named defendant was employed by the garnishee or was owed earnings by the garnishee, proceed to Number 1 below. If, during that time, the above-named defendant was not employed by the garnishee and was not owed any earnings from the garnishee, proceed to Number II in this Answer of Garnishee.

1. Defendant's regular pay period is

_____ weekly _____ bi-weekly _____ semi-monthly _____ monthly

_____ other, explain ___________________________________________.

Enter date present pay period began: _________________

Enter date present pay period ends: _________________

(Present pay period is the pay period during which this Writ was served.)

2. Calculate the defendant's disposable earnings for the present pay period:

a. Gross Income (includes salary wages, overtime, commissions, income trusts and all other income before any deductions) $____________

b. Federal Income Tax $_____________

c. FICA Income Tax $_____________

d. State Income Tax $_____________

e. Total Withholdings (Total "b" through "d") $_______________

f. **Disposable Earnings for Present Pay Period** $________________

(**Subtract** "e" from "a")

If the figure on Line "f" above is less than $154.50 per week, write "no garnishment allowed for present pay period" on Line "g" below, and proceed to Number 4 in this Answer of Garnishee.

g. **Maximum earnings available for garnishment from the <u>present</u> pay period** (Multiply "f" times .25) $__________________

If the earnings listed on Line "g" above are currently subject to previously-served garnishments or court orders, provide the information requested below. If the earnings listed on Line "g" above are <u>not</u> subject to any previously served garnishments/orders, write "$0.00" on Line "h" below previously served and proceed to Number 3.

| Description of Previously-Served Garnishments/Orders | Amount Taken Under Previously-Served Garnishments/Orders for Present Pay Period | Expiration Date of Previously-Served Garnishments/Orders |
|---|---|---|
| __________________ | (i) $____________________________ | ________________________ |
| __________________ | (ii) $____________________________ | ________________________ |
| __________________ | (iii) $____________________________ | ________________________ |

h. **<u>Total</u> due for <u>present</u> pay period under previously-served garnishments/orders** (add (i) through (iii))

$ ______________________________

3. Determine the extent to which the earnings of the defendant for the <u>present</u> pay period are available for <u>this</u> garnishment:

a. Enter the amount listed on Line "2g" above (maximum earnings available for garnishment from the <u>present</u> pay period) $______________

b. Enter the amount listed on Line "2h" above (total due for present pay period under previously-served garnishments/orders) $_______________

c. **Actual earnings available for this garnishment for the present pay period** (Subtract "3b" from "3a") $_______________

If you do not claim an exemption, objection, defense or set-off to the amount entered on Line "3c" above, you must now retain that amount, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amount listed on Line "3c" above is not subject to this garnishment, indicate the reason for you contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available for this garnishment for the present pay period: ______________________________ ______________________________. The amount the garnishee contends is available for this garnishment from the present pay-period earnings is: $________________________.

4. As outlined previously in this Answer of Garnishee, determine the extent to which the future earnings of the defendant are available under this continuous garnishment:

| List Each Future Pay Period | List 25% (.25) of the Projected Disposable Earnings for Each Future Pay Period | List Total Amount Due Under Previously-Served Garnishments/Orders for Each Future Pay Period | List Actual Projected Earnings Available for This Garnishment from Each Future Pay Period (Subtract "c" from "b" for Each Pay Period) |
|---|---|---|---|
| a. ________ | b. $________ | c. $________ | d. $________ |
| ________ | $________ | $________ | $________ |
| ________ | $________ | $________ | $________ |

(Remember, this is a continuous garnishment and is immediately effective unless the amount now being paid out pursuant to previously-served garnishments and court orders equals or exceeds 25 percent of the debtor's disposable earnings. In those cases, and only in those cases, this Writ will be effective as soon as the amount now being paid out pursuant to previously-served garnishments and court orders drops below 25 percent of the debtor's disposable earnings. Then, this Writ will continue until such time as the entire debt balance has been paid in full, giving way only to subsequently-served support garnishments and support orders.)

If you do not claim an exemption, objection, defense or set-off to the amounts entered on Line "4" for future pay periods, you must retain those amounts, as they become available, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the defendant is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amounts listed above on Line "4d" for any future pay period is

not subject to this garnishment, indicate the reason for your contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available under this garnishment for the following pay period(s): ________________ ________________________ The amount the garnishee claims is available under this garnishment from each of the pay periods noted in the previous sentence is $ ________________, $_____________________.

**II. COMPLETE THIS SECTION ONLY IF THE DEFENDANT IS NO LONGER EMPLOYED BY THE GARNISHEE.**

Last date the defendant worked as an employee of the garnishee ___________________________.

Is the defendant eligible for rehire within 90 days of the date the Writ was served on the garnishee __________________________.

**III. TO BE COMPLETED BY ALL GARNISHEES.**

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:<br>
United States Attorney's Office<br>
Att: Financial Litigation Unit<br>
600 Federal Courthouse<br>
300 South Fourth Street<br>
Minneapolis, Minnesota 55415

The Defendant, at:

Tamara Downs<br>
XXXXX<br>
Glendale, AZ 85303

The Garnishee sent the original Answer of Garnishee, by first-class mail, to :

Clerk of United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

____________________________________
Garnishee

SUBSCRIBED and SWORN to before me this

____ day of ___________________, 20__.

______________________________________
NOTARY PUBLIC

# STATEMENT TO GARNISHEE RE: WAGE-GARNISHMENT

In wage-garnishment situations, you must withhold 25 percent of the judgment debtor's disposable earnings. Disposable earnings are those earnings left over after deducting withholdings required by law (e.g., taxes, social security and unemployment insurance; but not, e.g., health insurance and union dues.) However, under certain circumstances, Federal law does not permit the withholding of a full 25 percent of the judgment debtor's disposable earnings. See 15 U.S.C. §1673, et. seq. Those circumstances include:

1. When the judgment debtor's weekly disposable earnings are less than 30 times the current Federal minimum wage of $5.15 per hour, which equals $154.50, no wages may be taken under this garnishment. 29 U.S.C. §206(a)(1).

2. When deductions are already made from the judgment debtor's gross income, pursuant to court orders, for alimony, support or maintenance for family members or former spouses, and the total of those court-ordered deductions equals or exceeds 25 percent of the judgment debtor's disposable earnings, no wages may be taken under this garnishment. (Gross income includes salary, wages, overtime earnings, commissions, income trusts and all other income before any deductions are made from such income.)

3. When deductions are already being made from the judgment debtor's gross income, pursuant to court orders, for alimony, support or maintenance for family members or former spouses, and the total of those court-ordered deductions equals less than 25 percent of the judgment debtor's disposable earnings, wages may be taken under this garnishment. However, the amount of wages that may be taken under this garnishment, in this situation, is limited to the difference between the total of those court-ordered deductions and the dollar figure that represents 25 percent of the judgment debtor's disposable earnings.

Finally, as to wage-garnishment situations, pursuant to 15 U.S.C. §1674, you are prohibited from discharging the judgment debtor from employment because said debtor's earnings are being garnished.

# INSTRUCTIONS TO DEFENDANT ON HOW TO OBJECT TO THE ANSWER OF GARNISHEE

Upon your receipt of the Answer of Garnishee, you have 20 days to file an objection to that Answer and to request a hearing to discuss your objection. Your objection must be in written form, and it must state your reasons for believing why the property being withheld by the garnishee is not subject to this garnishment.

The original written objection must be filed with the Clerk of the United States District Court, 202 Federal Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

A copy of the objection must be served--personally or by mail--on:

United States Attorney
Att.: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, MN 55415

and

Garnishee
National Circulation Services
6666 W Peoria Ave., Suite 106
Glendale, AZ 85302

If you did not claim exemptions on the Claim For Exemption Form and request a hearing through the Clerk's Notice of Post-Judgment Garnishment, a court order shall be entered, attaching the property that is the subject of this garnishment, unless you object to the Answer of Garnishee. Remember, if you do object to the Answer of Garnishee, you must be prepared to prove to the court at the objection hearing why the subject property is not subject to this garnishment. Property that is found to be subject to this garnishment shall be applied against the debt that is the basis for this collection proceeding.

# INSTRUCTIONS TO DEFENDANT ON HOW TO CLAIM EXEMPTIONS ON THE ENCLOSED CLAIM FOR EXEMPTION FORM

The prejudgment or postjudgment process indicated on the enclosed Clerk's Notice has been issued on request of the United States of America.

The law provides that certain property and wages cannot be taken to pay your debt to the Government. Such property is said to be exempt. The enclosed Claim for Exemption Form lists (a) the major exemptions under Federal law that apply <u>in all cases</u>; (b) the exemptions available under Federal bankruptcy law; and (c) the exemptions available under the laws of Minnesota. Note, there is no exemption solely because you are having difficulty paying your debts.

If you wish to claim an exemption in this matter, you must fill out the enclosed Claim for Exemption Form, selecting either the Federal bankruptcy exemptions (Line 8 and all applicable entries between Line 8a and Line 8f) <u>or</u> the State-law exemptions (applicable entries between Line 9 and Line 27). Then you must deliver or mail a copy of the form to the clerk's office and to counsel for the United States (addresses noted below).

If you believe the property the United States Government has taken is exempt, you may request a hearing before a Federal Magistrate Judge (see the enclosed Clerk's Notice). That hearing shall take place within five business days, or as soon as practicable, from the date you file your hearing request. (Remember, you must also serve a copy of the hearing request on counsel for the United States.) You should come to the hearing ready to explain why your property is exempt, and you should bring with you all supporting documentation. If you do not come to the court hearing at the designated time and prove that the property at issue is exempt, you may lose some of your rights.

For wage-garnishment situations, Line 15 of the State-law section of the Claim for Exemption Form describes the method for computing the amount of wages exempt from the garnishment. You do not need to file this Claim for Exemption Form if you want to claim an exemption <u>only for the exempt portion of your wages</u>. However, if you believe part of the "exempt" portion of your wages is being withheld, you may want to file the Claim for Exemption Form <u>and</u> request a hearing.

You may find the advice of an attorney helpful in this matter.

Clerk of Court
United States District Court
202 Federal Courthouse
300 South Fourth Street
Minneapolis, MN 55415

United States Attorney's Office
Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, MN 55415

# CLAIM FOR EXEMPTION FORM

MAJOR EXEMPTIONS UNDER FEDERAL LAW
THAT APPLY IN ALL CASES

1. Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

2. Veterans' benefits (38 U.S.C. §3101).

2a. Members of armed services annuities (10 U.S.C. §1440, 38 U.S.C. § 562).

3. Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

4. Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

5. Longshoremen and Harborworkers Compensation Act (33 U.S.C. § 916).

6. Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

6a. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 1 through 6 abo[illegible] may not be applicable in child support and alimony cases (42 U[illegible] § 659).

6b. Railroad retirement, pension, un[illegible] t benefits (45 U.S.C. §§ 231(m), 352(e)).

7. Compensation for war risk hazards (42 U.S.C. § 1717).

EXEMPTIONS UNDER FEDERAL BANKRUPTCY LAW

**Note, if you select bankruptcy-law exemptions (Line 8 and all applicable entries between Line 8a and Line 8f), you may not select state-law exemptions.**

Claimed

________ **8.** **Bankruptcy Code** (Title 11, United States Code) which generally provides exemptions for:

________ 8a. $18,450 in equity in a residence.

| Address of Residence | Fair Market Value | Liens | Equity |
|---|---|---|---|
| ____________ | $ ________ | $ ________ | $ ________ |

________ 8b. $2,950 in equity in a motor vehicle.

Property Claimed: Fair Market Value

________________________ $

________________________

________________________

________ 8c. $1,225 in jewelry.

Property Claimed: Fair Market Value

________________________ $

________________________

________ ________________

________ · 850 in personal property (however no single a worth more than $475 can be claimed as exempt)

Property Claimed: Fair Market Value

________________________ $

________________________

________________________

________ 8e. $1,850 in equity in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor

Property Claimed: Fair Market Value

________________________ $

________________________

________________________

_______ 8f. Property totaling up to $975 in value, plus up to $9,250 of any unused amount of the exemption provided under paragraph (a) above.

Property Claimed: Fair Market Value

_______________________ $
_______________________
_______________________

_______ 8g. Any unmatured life insurance contract you own, other than credit life insurance.

Property Claimed: Fair Market Value

_______________________ $
_______________________
_______________________

_______ 8h. The aggregate value, up to $9,850, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

Property Claimed: Fair Market Value

_______________________ $
_______________________
_______________________

_______ 8i. Professionally prescribed health aids for you or your dependants.

Property Claimed: Fair Market Value

_______________________ $
_______________________
_______________________

_______ 8j. Unemployment compensation benefits, local public assistance benefits, veterans' benefit, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

Property Claimed: Fair Market Value

_______________________ $
_______________________
_______________________

_________ 8k. A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(i)-(iii).

Property Claimed: Fair Market Value

______________________________ $

______________________________

______________________________

_________ 8l. Your right to receive, or property that is traceable to,

- an award under a crime victim's reparation law;
- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment, not to exceed $18,450, on account of personal bodily injury suffered by you or by ar dividual of whom you are a depe however, payment for pain and suf r payment to compensate actual pe loss are not exempt under this paragraph;
- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.

Property Claimed: Fair Market Value

______________________________ $

______________________________

______________________________

________ 8m. Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

| Property Claimed: | Fair Market Value |
|---|---|
| ____________________________ | $ |
| ____________________________ | |
| ____________________________ | |

EXEMPTIONS UNDER STATE LAW

**Note, if you select state-law exemptions the law of the state where you have been domiciled for the greater part of the last 180 days governs your rights. Also note, if you select state-law exemptions, you may not select bankruptcy-law exemptions. The amounts listed below are indexed and fluctuate periodically [illegible]ven numbered years based upon the percentage change in the Implicit Price Deflator for [illegible]ss National Product.**

| CLAIMED | TYPE | | STATUTE SECTION | VALUE CLAIMED |
|---|---|---|---|---|
| ________9. | Homestead or Residential Property | -The house owned and operated by the debtor and the land on which such house is situated, but only a total of 160 acres outside a platted portion of a city or ½ acre inside a city; proceeds from the sale of the house for 1 year; a manufactured home actually inhabited as a home by the debtor. Value of homestead exemption, whether exemption is claimed jointly or individually, may not exceed $200,000 or, if the homestead is used for agricultural purposes, $500,000 exclusive of limitations. | -Minn. Stat. Ann. §§ 510.01, 510.02, 510.05 and 550.37(12) | ________ |
| ________10. | Personal Property | -Family Bible, and musical instruments; a seat or pew in any place of public worship; all of the debtor's and the debtor's family's | -Minn. Stat. Ann. §§ 550.37(1), (2), (3), (4), and (9) | ________ |

| CLAIMED | TYPE | | STATUTE SECTION | VALUE CLAIMED |
|---|---|---|---|---|
| | | wearing apparel, including 1 watch, and all utensils and foods; household furniture, household appliances, radios, phonographs and televisions not exceeding $8,550 in value. The $8,550 amount is indexed and fluctuates periodically. Money from a claim arising from damage to exempt property is exempt. | | |
| ________11. | Bank Deposits | -Exempt disposable earnings remain exempt for 20 days after deposit in any financial institution. Relief based on need and the wages of a recipient of such relief are exempt for 60 days in a financial institution. Certain other exempt funds remain exempt after deposit in a financial institution as long as they are traceable to their exempt source. | -Minn. Stat. Ann. §§ 550.37(13), (14) and (20) | ___________ |
| ________12. | Motor Vehicles | -One motor vehicle to the ex-[illegible] of a value not exceed-[illegible] 3,800. | -Minn. Stat. Ann. § 550.37(12a) | ___________ |

| CLAIMED | TYPE | | STATUTE SECTION | VALUE CLAIMED |
|---|---|---|---|---|
| ______13. | Partnership Property | -A partner's interest in specific partnership property. | -Minn. Stat. Ann. § 323.24 | ______ |
| ______14. | Trade Implements | -Farmers may exempt farm machines, implements, live-stock, farm produce and standing crops not exceeding $13,000 in value. The trade implements (tools of trade) and stock in trade of any debtor is exempt to the extent of $9,000 in fair market value. The aggregate value of property exempt as farm items or trade implements may not exceed $13,000. | -Minn. Stat. Ann. §§ 550.37(5)-(7) | ______ |
| ______15. | Wages | [illegible]t, except for lesser [illegible] er work week, 25% of the [illegible]tor's disposable earnings [illegible]r amount by which such earnings exceed 40 times the federal minimum wage. Wages not subject to garnishment are exempt and remain exempt for 20 days following deposit in a financial institution. The earnings of the debtor's minor child. | -Minn. Stat. Ann. §§ 550.37(13) and (15), 571.921 and 571.922 | ______ |

| CLAIMED | | TYPE | | STATUTE SECTION | VALUE CLAIMED |
|---|---|---|---|---|---|
| ________ | 16. | Workers' Compensation | -Exempt, except as otherwise provided. | -Minn. Stat. Ann. § 176.175(2) | ________ |
| ________ | 17. | Unemployment Compensation | -Exempt, as long as the funds are not commingled. | -Minn. Stat. Ann. § 268.17(2) | ________ |
| ________ | 18. | Veterans' Benefits | -Exempt for a year after receipt. Adjusted compensation is completely exempt. | -Minn. Stat. Ann. § 550.38 | ________ |
| ________ | 19. | Public Assistance | [illegible] elief based on need is [illegible]pt, and the wages or salary of a debtor receiving such relief are exempt and remain exempt for 6 months following termination of public assistance. | -Minn. Stat. Ann. § 550.37(14) | ________ |
| ________ | 20. | Pensions and Retirement Benefits | -Various public retirement system benefits are exempt. The right to payment or payments received under tax-qualified pension or similar plan or contract or IRA. Other pensions are exempt up to the greater of $57,000 or to the extent necessary for support. A government employee's deferred compensation is exempt, subject to exceptions. | -Minn. Stat. Ann. §§ 181B.16, 352.96 and 550.37(24) | ________ |

| CLAIMED | TYPE | | STATUTE SECTION | VALUE CLAIMED |
|---|---|---|---|---|
| ______21. | Insurance Benefits | [illegible] rance benefits, including [illegible]oceeds from exempt property, up to $38,000 in life insurance from a deceased spouse or parents, plus an additional $9,500 in life insurance benefits for each dependent of the survivor. Up to $7,200 in accrued dividends, interest or loan value of an unmatured life insurance policy is exempt. | -Minn. Stat. Ann. § 550.37(10) and (23) | ______ |
| ______22. | Library Materials | -School libraries, if open indiscriminately to the public, family libraries. | -Minn. Stat. Ann. § 550.37(2) and (8) | ______ |
| ______23. | Prisoners' Property | -Wages or salaries of work placement inmates, salary or wages of former prisoners for the first six months following release. | -Minn. Stat. Ann. §§ 241.26(6) and 550.37(14) | ______ |
| ______24. | Cemeteries and Burial Funds | -Cemetery lands, if cemetery does not exceed 100 acres or 300 acres if owned by a religious corporation. A lot in any burial ground is exempt. | -Minn. Stat. Ann. §§ 307.09 and 550.37(3) | ______ |

| CLAIMED | TYPE | | STATUTE SECTION | VALUE CLAIMED |
|---|---|---|---|---|
| ______25. | Personal Property and Injury | -Rights of action for injuries to the debtor or relative, whether or not resulting in death, claims or judgments arising from damage to, execution upon, or wrongful taking of exempt personal property. | -Minn. Stat. Ann. §§ 550.37(9), (16) and (22) | ______ |
| ______26. | Crime Victims' Compensation | -Exempt, except for debts incurred as a result of the injury or death on which the claim was based. | -Minn. Stat. Ann. § 611A.60 | ______ |
| ______27. | Fraternal Benefit Society Benefits | -Exempt as provided in Minn. Stat. Ann. §§ 550.37(11), (23) and (24) | -Minn. Stat. Ann. § 64B.18 | ______ |

The statements made in this claim of entitlement to exemptions and the fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

Date: ______________ ______________________________
Signature of defendant

______________________________
[illegible]ant's printed or typed name

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>United States of America | COURT CASE NUMBER<br>Civil No. 00-120 RHK |
| DEFENDANT<br>Tamara Downs | TYPE OF PROCESS<br>Garnishment |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
National Circulation Services
ADDRESS (*Street or RFD, Apartment No., City, State and ZIP Code*)
6666 West Peoria Avenue, Suite 106, Glendale, AZ 85302-7015

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

U.S. Attorney's Office
Mary Trippler, AUSA
300 South Fourth Street, 600 U.S. Courthouse
Minneapolis, MN 55415
(612) 664-5600

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 2 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold Fold

RECEIVED
JAN 16 2007
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| Signature of ~~Attorney~~ other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Anna Vasovich, FLU Agent | [X] PLAINTIFF<br>[ ] DEFENDANT | 612-664- | 12/14/06 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. 41 | No. 8 | N Schmidt | 12/18/06 |

I hereby certify and return that I [ ] have personally served , [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

Name and title of individual served (*if not shown above*)

[ ] A person of suitable age and discretion then residing in defendant's usual place of abode

Address (*complete only different than shown above*)

| Date | Time |
|---|---|
| 1/03/06 | 250 [ ] am [X] pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:
12/28/06 @ 1315 HRS - OFFICE SUITE IS EMPTY. NOTIFIED FLU AGENT WHO WILL CALL WITH INSTRUCTIONS. GRH
1/03/06 - FLU AGENT REQUESTS THAT PROCESS BE RETURNED UNEXECUTED. GRH

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

SCANNED
JAN 17 2007
U.S. DISTRICT COURT MPLS

Form USM-285
Rev. 12/15/80
Automated 01/00